CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 07, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RAHSAN DRAKEFORD,                )
                                 )
            Plaintiff,           )      Case No. 7:24-cv-00041
                                 )
v.                               )      **MEMORANDUM OPINION**
                                 )
UNIT MNGR. EARHART, *et al.*,     )      By:    Hon. Thomas T. Cullen
                                 )             United States District Judge
            Defendants.          )

Plaintiff Rahsan Drakeford, a Virginia inmate proceeding *pro se*, filed this civil-rights action under 42 U.S.C. § 1983 against several employees of the River North Correctional Center ("RNCC"). (*See* ECF No. 1.) On September 30, 2025, the court granted Defendants' motion for summary judgment and effectively closed this case. (*See* ECF No. 50.) Now before the court is Plaintiff's motion for extension of time to file a supplemental response in opposition to Defendants' motion for summary judgment (ECF No. 52), which the court construes as a motion to reconsider its September 30, 2025 entry of summary judgment. For the following reasons, Plaintiff's motion will be denied.

**I.**

In Plaintiff's complaint, he alleged that, while he was incarcerated at RNCC, Defendants lodged false charges against him and punished him for those charges in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. (*See* ECF No. 1, at 4–7.) He claimed that Defendant Unit Manager E. Earhart used his authority as unit manager to unjustifiably confine Plaintiff to a "dry cell" for an extended period of time. (*See* ECF No. 22 (referring to Earhart as "[the] central figure in this case").) He alleged that, while in the dry

cell, he was deprived of "all basic amenities," including clothing, shoes, soap, toothpaste, and other hygiene items. (*Id.*)

He further claimed that Defendant Lieutenant May participated in the unconstitutional conduct, under Earhart's orders, by transporting him to the dry cell, subjecting Plaintiff to an allegedly unlawful strip search, and giving Plaintiff only a "turtle suit" to wear after the search was complete. (*Id.*) He claimed that Defendant Sergeant Bemis participated in the constitutional violation by routinely inspecting his cell and confiscating meals and toilet paper Plaintiff had saved, leaving his cell "deserted." (*Id.*) He also claimed that Defendant Intel Officer Hartman improperly refused to arrange for a scanner check in lieu of daily stool checks and that, once a scanner check was finally arranged and provided a negative finding, he nevertheless upheld Defendant Lieutenant Hickman's orders to keep Plaintiff confined. (*Id.*)

After answering the complaint, Defendants jointly filed a motion for summary judgment. (*See* ECF No. 39.) The clerk sent Plaintiff a *Roseboro* notice concerning Defendants' motion, which advised him of the time he had to file a response opposing the motion, including "any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding Defendant[s'] evidence." (ECF No. 41, at 1.) After seeking and being granted an extension of time to respond to Defendants' motion (*see* ECF Nos. 42, 43), Plaintiff timely responded in opposition to Defendants' summary judgment motion. (*See* ECF No. 44.) Plaintiff submitted a clearly written, but unsworn, brief opposing Defendants' arguments in favor of summary judgment. (*See id.* at 1–9.)

Upon further review of Defendants' summary judgment motion and supporting memorandum, the court observed that, though Defendants cited several affidavits and other

- 2 -

documentary evidence in support of their motion, Defendants failed to file those documents on the record. Accordingly, on August 29, 2025, the court ordered Defendants to file the cited materials, and to send copies of them to Plaintiff, within 7 days. (ECF No. 47, at 1.) The court also offered Plaintiff the opportunity to supplement his response in opposition to summary judgment after receiving and reviewing the additional materials from Defendants. (*Id.*) The court ordered Plaintiff to file any such supplement within 14 days of his receipt of the materials from Defendants. (*Id.*)

Defendants electronically filed their exhibits on September 4, 2025. (*See* ECF No. 48.) Plaintiff did not submit a supplemental response or motion for extension of time to file a response at any point in the 14 days that follows. On September 30, 2025, after 26 days had passed, the court ruled on Defendant's motion without considering a supplemental response from Plaintiff. (*See* ECF Nos. 49, 50.) In its Memorandum Opinion, the court noted that Plaintiff had offered no evidence to contradict Defendants' evidence and that "his response in opposition to summary judgment suggests he generally agrees with Defendants' summary of the facts." (*See* ECF No. 49, at 7.) And while the court observed that Defendants' documentary evidence refuted some of Plaintiff's unsworn allegations about the conditions in the dry cell (*see id.* at 11–12), the court ultimately awarded summary judgment in Defendants' favor after agreeing with a collection of caselaw holding that temporary stays in dry cells where inmates have limited access to basic amenities for a time do not violate the Eighth Amendment. (*Id.* at 12–14 ("[T]he court concludes that the temporary deprivations Plaintiff experienced, while inconvenient and uncomfortable, were not so extreme as to constitute cruel and unusual punishment.").)

Three days after the court entered summary judgment for Defendants, Plaintiff filed a supplemental response brief. (*See* ECF No. 51.) Plaintiff's response brief was not sworn, and Plaintiff did not attach any declaration, affidavit, or other evidence in support of his brief. (*See id.*) For the first time in his supplemental response, Plaintiff raises a Fourteenth Amendment due-process claim, stating that he should have been given two hours and 16 ounces of water before being subjected to a urine screen for drugs and should not have been put on dry-cell status because he never ingested any drugs. (*See id.* at 3.)

On October 15, 2025, almost two weeks later, the court received Plaintiff's motion for an extension of time to file his supplemental response. (ECF No. 52.) In his motion, Plaintiff states that violence and Wallens Ridge State Prison, where he is currently housed, made it difficult for him to meet with another inmate who had been assisting Plaintiff with his case. (*Id.* at 1.) He also stated that the law library was behind on sending out requested law materials. (*Id.*) The court construes Plaintiff's motion for extension as a motion to reconsider its summary judgment ruling.

## II.

Federal Rule of Civil Procedure 59(e) authorizes the filing of motions to alter or amend a judgment, provided they are filed no more than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). "This rule was promulgated to make clear that the district court, with broad discretion, could 'rectify its own mistakes in the period immediately following the entry of judgment.'" *Daulatzai v. Maryland*, 97 F.4th 166, 177–78 (4th Cir. 2024) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450, (1982)). "The standard for granting the motion is broad, as a court is authorized to reconsider its ruling on virtually any basis that it determines might

have been an error or mistake in its judgment." *Id.* at 178. Nevertheless, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* (quoting *Banister v. Davis*, 590 U.S. 504, 508 (2020)).

### III.

Neither Plaintiff's motion nor his late supplemental response offers any argument or evidence that would cause the court to reconsider or alter its summary judgment ruling. As stated above, the court ultimately awarded summary judgment in Defendants' favor because other federal courts have found, and this court agrees, that short-term placement in a dry cell did not amount to cruel and unusual punishment in violation of the Eighth Amendment. (*See* ECF No. 49, at 12–14 (collecting cases)); *see also Stewart v. Wright*, 101 F.3d 704 (7th Cir. 1996) (holding that, where the purpose of a dry cell is to discover and secure potentially ingested contraband, "[t]he culpability component of deliberate indifference analysis is clearly lacking" and that "mere discomfort and inconvenience do not implicate the constitution," even though "the conditions incident to preserving all bodily excrement for examination are undesirable"). Plaintiff's supplement offers no evidence that would create a genuine issue of material fact as to whether the conditions of his confinement in the dry cell were substantially more severe than the court's previous understanding or otherwise differentiate this case from others finding that the discomforts associated with a temporary dry-cell stay are not so egregious as to violate the constitution. Instead, his late supplemental response argues that, because the suspected drug material in his cell was not tested and no drugs were ultimately found in his body or excrement, Plaintiff should not have been put in a dry cell at all.

To the extent Plaintiff's supplemental response raises a due-process claim, the court cannot consider such a claim when it is raised for the first time in response to a motion for summary judgment or on a motion for reconsideration. *See Daulatzai*, 97 F.4th at 178; *Harris v. Reston Hosp. Ctr., LLC*, 523 F. App'x 938, 946 (4th Cir. 2013) (holding district court did not err in refusing to consider new legal theory raised for the first time in opposition to summary judgment). Plaintiff's original and supplemental complaint both raised only an Eighth Amendment claim based on the conditions Plaintiff was subjected to in the dry cell. (*See* ECF No. 1, at 7; ECF No. 22, at 1.) Plaintiff could have sought to amend his complaint any time in the more than 20 months between filing his complaint and the court's summary judgment decision, but he did not do so. Because nothing in Plaintiff's late supplemental response alters the court's analysis of the merits of Defendants' motion for summary judgment, the court will not alter or amend its award of summary judgment in Defendants' favor. His motion, therefore, will be denied.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 7th day of April, 2026.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE